UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **MARK FETTERS** | ) | **Case Number** |
| Plaintiff | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| **RESURGENT CAPITAL SERVICES, LP** **AND** **CREDIT ONE FINANCIAL SOLUTIONS, LLC** | ) | |
| Defendant | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Mark Fetters, by and through his undersigned counsel, C. Caroline Rugg Garrison, Esquire of the Law Offices of C. Garrison, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.     Plaintiff, Mark Fetters, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a principle place of business in this District.

## III. PARTIES

4. Plaintiff, Mark Fetters is an adult natural person residing at 1000 Allison Drive, Apartment 97, Vacaville, CA 95687. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Resurgent Capital Services, LP ("Defendant, Resurgent"), at all times relevant hereto, is and was a Limited Partnership engaged in the business of collecting debt within the States of California and South Carolina with a principle business located at 15 South Main Street, Suite 600, Greenville, SC 29601.

6. Defendant, Credit One Financial Solutions, LLC ("Defendant, Credit One"), at all time relevant hereto, is and was a limited liability corporation engaged in the business of providing loans to individuals and collecting debt within the States of California and Delaware with a principle business located at 131 Continental Drive, Suite 3, Newark, DE 19713.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

8. On or around July 14, 2008, Plaintiff was offered by the Defendant, Credit One, an opportunity to settle Plaintiff's account in full by paying $7,000.00 of the approximate $18,000.00 balance.  **See Exhibit "A" attached hereto.**

9. Plaintiff entered into the payment plan and made on time monthly payments as requested by the Defendant, Credit One with Plaintiff's last payment made on May 12, 2009 settling the account.

10. In or around May 2009, as promised by the Defendant, Credit One, Plaintiff's accounts were reported as settled on Plaintiff's credit reports.  **See Exhibit "B" attached hereto.**

11. All three credit bureaus reported Plaintiff's account as paid.

12. In or around October 2010, Plaintiff began receiving phone calls and letters from the Defendant, Resurgent stating that the Defendant, Resurgent had purchased the alleged debt.

13. During a conversation Plaintiff had with the Defendant, Resurgent, Plaintiff explained that the alleged debt the Defendant, Resurgent was attempting to collect was paid off and that Plaintiff had proof.

14. The Defendant, Resurgent's agent did not care to listen to Plaintiff continuing to tell Plaintiff that he better get an attorney because the Defendant, Resurgent was going to take Plaintiff to court.

15. The Defendant, Resurgent's agent also told Plaintiff to send the Defendant, Resurgent proof that the alleged debt was paid off.  Plaintiff told the agent

that Plaintiff had already sent the Defendant, Resurgent proof but that the Defendant, Resurgent had refused to accept it.

16. Plaintiff received three letters from the Defendant, Resurgent regarding the alleged debt. The Defendant, Resurgent's first two letters stated that Plaintiff owed approximately $10,000.00.

17. On or around December 2, 2010, Plaintiff sent a letter to the Defendant, Resurgent requesting validation of the alleged debt which the Defendant, Resurgent is attempting to collect. **See Exhibit "C" attached hereto.**

18. On or around December 15, 2010, Plaintiff received the third letter from the Defendant, Resurgent stating that Plaintiff now owed $15,836.58. **See Exhibit "D" attached hereto.**

19. Enclosed in the aforementioned letter, the Defendant, Resurgent also included their "Validation of Debt" response which stated Plaintiff's account number and the name of the agency who currently owns the alleged debt. **See Exhibit "E" attached hereto.**

20. Plaintiff attempted to contact the Defendant, Resurgent on multiple occasions to resolve the issue but has only been able to leave messages on the Defendant, Resurgent's machine which ultimately went unanswered.

21. The Defendant, Resurgent has since reported Plaintiff's paid off account to Plaintiff's Experian credit report as a "charge off" and, as a result, the account is no longer being reported as settled. **See Exhibit "F" attached hereto.**

22. Plaintiff is unsure of why the Defendant, Credit One sold the alleged debt to the Defendant, Resurgent after Plaintiff had paid in full the amount offered to him by the Defendant, Credit One.

23. After the Defendant, Credit One marked Plaintiff's credit report as paid in full, the Defendant, Credit One surreptitiously sent the account to their sister company, the Defendant, Resurgent, in attempt to harass and collect more funds from Plaintiff.

24. The Defendant, Resurgent would not accept proof from Plaintiff that account was paid off and subsequently the Defendant, Resurgent continued with their collection efforts.

25. The Defendant, Resurgent reported false information to the credit bureaus regarding Plaintiff's account that had already been paid off as agreed upon.

26. Plaintiff continues to receive phone calls from the Defendant, Resurgent after telling the Defendant, Resurgent not to call.

27. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

29. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30. As a result of Defendants' conduct, the Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **COUNT I – FDCPA**

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |

| | | |
|---|---|---|
| §§ 1692e(5): | | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(8): | | Threatens or communicates false credit information, including the failure to communicate that a debt is disputed |
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | | Attempt to collect any amount no authorized by the agreement creating the debt or permitted by law |
| §§ 1692g(b): | | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Resurgent Capital Services, LP and Credit One Financial Solutions, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**THE LAW OFFICES OF C. GARRISON**

**Date:  March 24, 2011**          **BY:** */s/ C. Caroline Rugg Garrison*

C. Caroline Rugg Garrison, Esquire
The Law Offices of C. Garrison
208 Silver Bluff Road
Aiken, SC 29803
Attorney for Plaintiff